# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JAY DRIESEN, RUSTIC HOME BUILDERS LLC<br><br>Plaintiffs,<br>vs.<br><br>MICHAEL J. SMITH *et al*.,<br><br>Defendants. | No. C13-4037-MWB<br><br>**ORDER REGARDING DEFENDANTS' MOTIONS FOR SANCTIONS** |

This case is before me on defendants Michael J. Smith and Cadwell Sanford Deibert & Garry L.L.P.'s motions for sanctions (docket nos. 47 and 48). In their motions, defendants request that I my inherent power to sanction plaintiffs Jay Driesen and Rustic Home Builder, L.L.C. for costs associated with their having to file motions to dismiss in this case. Plaintiffs have filed a resistance to defendants' motions in which they contends that they have not engaged in any behavior which would warrant sanctions.

It is well settled that courts have inherent powers to sanction litigants for conduct that abuses the judicial process. *See Gas Aggregation Servs., Inc. v. Howard Avista Energy, L.L.C.*, 458 F.3d 733, 739 (8th Cir. 2006) (quoting *Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist.*, 103 F.3d 1422, 1435 (8th Cir. 1997)); *see also Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006); *United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005). These powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). Under these powers, courts can impose sanctions including shifting attorney's fees. *See id*. at 44-45. Because of the potency of inherent powers, "[a] court must exercise its inherent powers with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction." *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993) (citing *Chambers*, 501 U.S. at 44-45). A finding of "bad faith" is specifically required in order to assess attorneys fees pursuant to the court's inherent authority. *See Willhite*, 459 F.3d at 870.

Although a close question, I find that sanctions are inappropriate in this case. Plaintiffs are proceeding *pro se* in this matter and a reading of plaintiffs' complaint does not clearly show that they filed the pending action against defendants in bad faith or to harass them. I have dismissed plaintiffs' claims based on application of the *Rooker–Feldman* doctrine, a complex doctrine which a *pro se* litigant may well fail to understand. Therefore, I conclude that sanctions are inappropriate in this case and defendants' motions for sanctions are denied.

**IT IS SO ORDERED**.

**DATED** this 2nd day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA